UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMSHID BAKSHI ZAHRAIE,

                Petitioner,              Case No. 1:17-cv-10875
                                        Hon. Thomas L. Ludington

v.

MARK MCCULLIK,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS WITHOUT PREJUDICE, DENYING MOTION TO STAY
PETITION, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING
PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

State of Michigan prisoner Jamshid Bakshi Zahraie, ("Petitioner"), has filed a petition for

writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 1, and a motion to stay the case pending

exhaustion of state post-conviction remedies. ECF No. 3. The petition challenges Petitioner's

March 13, 2014, Tuscola Circuit Court convictions for racketeering, Mich. Comp. Laws §

750.159i, and related narcotics offenses. The trial court sentenced Petitioner as a third-time

habitual offender to 15 to 40 years for the racketeering conviction and lesser concurrent terms for

the narcotics offenses.

The petition raises fourteen claims: (1) Petitioner was convicted under an

unconstitutionally vague statute, (2) Petitioner was charged under an "inapplicable" statute, (3)

Petitioner was denied the effective assistance of appellate counsel, (4) Petitioner was denied the

effective assistance of trial counsel, (5) there was outrageous governmental conduct during the

investigation, (6) there was an illegal search and seizure, (7) Petitioner was denied the right to

present a complete defense, (8) insufficient evidence was presented at trial to sustain Petitioner's

convictions, (9) the government exercised racially motivated peremptory strikes of jurors, (10) the trial court erroneously admitted evidence at trial, (11) the jury instructions were erroneous, (12) the trial judge was biased against Petitioner and committed misconduct, (13) the cumulative effect of these errors rendered Petitioner's trial unfair, and (14) Petitioner is entitled to resentencing.  Petitioner asserts in his petition that he is presenting all of these claims to the state trial court in a motion for relief from judgment.

## I.

According to the allegations in the petition, and as confirmed by the Michigan One Court of Justice Website, Petitioner's direct appeal ended in the state courts when his motion to reconsider the denial of his application for leave to appeal was denied by the Michigan Supreme Court on June 28, 2016. *People v. Zahraie*, No. 152212 (Mich. Sup. Ct. June 28, 2016).[1] Petitioner filed a petition for a writ of certiorari in the United States Supreme Court, but it was denied on October 3, 2016. *Zahraie v. Michigan*, 137 S. Ct. 115 (2016). Petitioner's motion requests that the case be stayed and held in abeyance while he completes post-conviction review of all of his habeas claims in the state courts.

## II.

Before habeas relief may be granted to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Duncan v. Henry*, 513 U.S.

---

[1] *See* coa.courts.mi.gov/. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. See *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See, e.g., Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system. *Duncan*, 513 U.S. at 365–66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Here, Petitioner states that he is currently in the process of exhausting his claims in the state courts in a state post-conviction review proceeding under Michigan Court Rule 6.501 et seq.

The district court can and must raise the exhaustion issue on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss without prejudice petitions containing unexhausted claims in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Here, Petitioner completed direct review of his conviction when the United States Supreme Court denied his petition for writ of certiorari on October 3, 2016. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The statute of limitations for filing this case therefore began to run the next day. Thus, approximately six months have passed on the statute of limitations, leaving Petitioner with

another six months on the limitations period in which to file his motion for relief from judgment in the state trial court. Under §2244(d)(2), Petitioner's properly filed state post-conviction review proceeding will act to toll the limitations period. Therefore, Petitioner is not in danger of running afoul of the statute of limitations, and there is no basis for staying this case rather than dismissing it without prejudice. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (stay of habeas case requires showing of "good cause").

Accordingly, the petition will be summarily dismissed without prejudice. Once Petitioner completes state post-conviction review he will have ample time—nearly half a year—to properly file a new petition.

## III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In this case, reasonable jurists would not debate the conclusion that the petition should be summarily dismissed without prejudice. Therefore, a certificate of appealability is denied. Permission to appeal in forma pauperis is also denied because any appeal of this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## IV.

Accordingly,  it is ordered that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED without prejudice**.

- 4 -

It is further **ORDERED** that Petitioner's motion to stay, ECF No. 3, is **DENIED.**

It is further **ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

Dated: March 30, 2017                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

<div style="border:1px solid">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager

</div>