UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMSHID BAKSHI ZAHRAIE,

        Petitioner,                                Case No. 1:17-cv-10875
                                                    Hon. Thomas L. Ludington

v.

MARK MCCULLIK,

        Respondent.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Petitioner, Jamshid Bakshi Zahriai, a state prisoner, filed this case under 28 U.S.C. § 2254, challenging his Michigan convictions. On March 30, 2017, the Court summarily dismissed the petition on exhaustion grounds and denied his motion to stay the case, finding that all fourteen of his claims were admittedly unexhausted and that he still had approximately six-months remaining on the one-year habeas statute of limitations to present them to the state court and therefore a stay was unnecessary. ECF No. 4.

On April 10, 2017, Petitioner filed a motion for reconsideration. ECF No. 6. Petitioner asserts that the Court erred in failing to stay his case. Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a

correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner first asserts that his direct appeal ended on June 6, 2016, 90 days after his non-sentencing claims were rejected by the Michigan Supreme Court. The Court, on the other hand, found that it ended on October 3, 2016, the date on which the United States Supreme Court denied his petition for a writ of certiorari. *Zahraie v. Michigan*, 137 S.Ct. 115 (2016). Petitioner asserts the earlier starting date of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A), means that he has less time to exhaust his claims than the Court determined, and this supports his motion to stay the case rather than dismiss it without prejudice. Petitioner is incorrect. The statute of limitations began to run the day after the United States Supreme Court denied his certiorari petition. *See Clay v. U.S.*, 537 U.S. 522, 539 n. 4 (2003) (noting uniformity of the circuits on this issue). It does not matter that he did not present all of his claims in his petition for certiorari; that omission did not affect the "finality of judgment" which is the operative date for the commencement of the limitations period under § 2244(d)(1)(A).

Petitioner also asserts that the Michigan Supreme Court remanded his case to the state trial court for consideration whether he should be resentenced under *People v. Lockridge*, 498 Mich. 358 (2015). The trial court apparently decided that a resentencing was not required and issued an order to that effect on November 29, 2016. See ECF No. 6 at 5. Petitioner states that he was given a new direct appeal from that decision, but that his two appointed appellate attorneys have found no meritorious issues to raise on appeal. *Id.* He claims that a stay is required so that the limitations period does not run as he attempts to press his *Lockridge* claim in this new direct appeal.

The remand order from the Michigan Supreme Court does not present grounds for staying the petition. If it is true that Petitioner was granted a new direct appeal, then that fact would re-start the limitations period for *all* of Petitoiner's claims when that proceeding concluded, including claims concerning his conviction and not his resentencing. *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (where state appellate court remands for resentencing, the limitations period does not begin until both the conviction and resentencing claims are final on direct review); *Rashad v. Lafler*, 675 F.3d 564, 567-68 (6th Cir. 2012) (judgment became final upon the conclusion of direct review of the new sentence petitioner received at resentencing).

In any case, Petitioner's concern that the limitations period is running on his exhausted claims while he seeks further relief in the state courts on other claims is misplaced. As the Court explained in its opinion dismissing the petition, the statute of limitations is tolled so long as petitioner has a properly filed petition for state collateral review pending in the state courts. 28 U.S.C. § 2244(d)(2). The tolling under that section stops the clock with respect to all of Petitioner's claims, even those that were already exhausted. *Martin v. Jones*, 969 F. Supp. 1058, 1062 (M.D. Tenn. 1997). And as explained, Petitioner had approximately six months remaining on the limitations period when he filed his petition, leaving him with ample time to file for state collateral review and then file a federal habeas petition after he completed such review.

In sum, Petitioner has failed to demonstrate a palpable defect by which the Court and the parties have been misled or that a different disposition of the case must result from a correction thereof. *Witzke*, 972 F. Supp. at 427. The motion for reconsideration will therefore be denied.

Accordingly, it is **ORDERED** that Petitioner's motion for reconsideration, ECF No. 6, is **DENIED.**

Dated: August 29, 2017                                     s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2017.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager